McCAULEY, Director of Game of State of Washington et al. v. MAKAH INDIAN TRIBE et al.

No. 9924.

Circuit Court of Appeals, Ninth Circuit.

June 12, 1942.

868

Vanderveer, Bassett & Geisness, of Seattle, Wash., for appellees.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a decree of the district court enjoining the appellants, found to be and admitted here to be purporting to act as officers of the State of Washington in enforcement of its fish and game laws, from interfering with appellees' certain fishing rights in the Hoko River, held to belong to and to be secured to the Makah Indian Tribe and its members by treaty of 1859 between the tribe and the United States, 12 Stat. 939.

■ The complaint seeking injunctive protection of the Indians' rights under their treaty, contrary to appellants' contention, is one whose subject matter is within the jurisdiction of the district court. 54 Stat. 143, 28 U.S.C.A. § 41, subd. (1) (a).

The allegations of the complaint charge acts of the appellants for which there is clearly no warrant under the laws of Washington,—that is in excess and outside of any authority conferred on them as such state officers. Article IV of the Makah treaty of 1859 provides:

"The right of taking fish and of whaling or sealing at usual and accustomed grounds and stations is further secured to said Indians in common with all citizens of the United States, and of erecting temporary houses for the purpose of curing, together with the privilege of hunting and gathering roots and berries on open and unclaimed lands: Provided, however, That they shall not take shell-fish from any beds staked or cultivated by citizens."

The United States Supreme Court in construing an essentially similar provision[1] in the treaty of the Yakima Indians held "that while the treaty leaves the state with power to impose on Indians equally with others such restrictions of a purely regulatory nature concerning the time and manner of fishing outside the reservation as are necessary for the conservation of

Smith Troy, Atty. Gen., State of Washington, T. H. Little, Asst. Atty. Gen., and Max Kaminoff, Sp. Asst. Atty. Gen., for appellants.

[1] "The exclusive right of taking fish in all the streams, where running through or bordering said reservation, is further secured to said confederated tribes and bands of Indians, as also the right of taking fish at all usual and accustomed places, in common with citizens of the Territory, and of erecting temporary buildings for curing them; together with the privilege of hunting, gathering roots and berries, and pasturing their horses and cattle upon open and unclaimed land."

fish,[3] it forecloses the state from charging the Indians a fee of the kind in question here." ("[3] Cf. New York ex rel. Kennedy v. Becker, 241 U.S. 556, 36 S.Ct. 705, 60 L.Ed. 1166. See United States v. Winans, supra, 198 U.S. [371], page 384, 25 S.Ct. [662], page 665, 49 L.Ed. 1089.") Tulee v. State of Washington, 62 S.Ct. 862, 864, 86 L.Ed. ——.

It is not questioned here that the Hoko River was a usual and accustomed fishing place of the Makah Indians. The Makah treaty gave the same fishing rights as those of the Yakima treaty. The complaint alleges defendants were deprived of *all* their fishing rights in the Hoko River, which would include those described in the treaty. Its pertinent allegations are as follows:

"XIV.

"That at all times since about the first of the year 1933, the defendants, their agents, assistants, and employees, have interfered with and intentionally deprived the Tribe of Makah Indians, and the individual plaintiffs herein, of their rights and privileges of taking fish from their usual and accustomed place of fishing in the Hoko River and have intentionally prevented any fishing in any part of the Hoko River, by threatening to arrest and confiscate the fishing gear and equipment of any members of said tribe fishing in or upon their aforesaid accustomed and usual fishing grounds and stations in the Hoko River, and the defendants will, unless enjoined and restrained by this Court, arrest any and all members of the Makah Tribe of Indians fishing in the Hoko River or any part thereof, and will also confiscate all their fishing gear and equipment; * * *."

This would deprive the Indians of fishing any time of the year for such game fish as trout and steelhead and such food fish as salmon, even with such fishing gear as hook and line.

■ No law or regulation of the State of Washington is cited to us which de- prives the Makah tribe or anyone else of *all* rights to fish in the Hoko River at all times of the year, and we understand the appellants do not so contend. The acts charged in preventing "any fishing in any part of the Hoko River, by threatening to arrest" etc., are in excess of any authority the appellant-officers possessed and hence the suit against them is not, as claimed by appellants, a suit against the State of Washington as the real party in interest. Pennoyer v. McConnaughy, 140 U.S. 1, 10, 11 S.Ct. 699, 35 L.Ed. 363; Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Ex parte New York, 256 U.S. 490, 500, 41 S.Ct. 588, 65 L.Ed. 1057.

■ Nor is there merit in appellants' contention that appellees are such wards of the Nation that they have not the right to sue in their own names and by their own attorneys. Deere v. New York, D.C., 22 F.2d 851, 852; Lane v. Pueblo of Santa Rosa, 249 U.S. 110, 113, 39 S.Ct. 185, 63 L.Ed. 504.

The case was submitted on a motion for judgment on the complaint. The complaint alleged and the court found that the Makah Indians prior to the treaty had customarily fished in the Hoko River with "seines, set nets, dip nets and other Indian fishing gear." The court holds that the treaty guaranteed their rights to fish with such gear and the judgment enjoins the defendant state officers from "in any manner whatsoever interfering with the exercise by the plaintiffs herein, or any of the members of the Makah Indian Tribe, of their rights and privileges of fishing in their usual and accustomed place [Hoko River] hereinabove described."

■ The Washington Fish and Game Act prohibits fishing by "set net,"[2] save that Indians may do so under Federal regulation.[3] Since an exception to a statutory provision should be strictly con-

---

[2] "§ 5671-8. Pound nets, traps and other appliances prohibited. It shall be unlawful to construct, install, use, operate, or maintain, within any of the waters of the State of Washington, any pound net, fish trap, fish wheel, scow fish wheel, set net, weir, or any fixed appliance for the purpose of catching salmon, salmon trout, or steel head, or to take salmon, salmon trout, or steel head by any such means." Remington's Revised Statutes of Washington, Title 35.

[3] "5671-9. Exceptions—Indians—Propagation—Scientific purposes. The provisions of this Act do not apply to fishing by Indians under Federal regulation, or the use of any device or means by the state or national government in catching fish for propagation or scientific purposes." Remington's Revised Statutes of Washington, Title 35.

870

strued,[4] and since the legislature is charged with knowledge of the various treaties with Washington Indian tribes and could have provided for a "treaty or regulation," it will not be presumed that the treaty is a "regulation" within the meaning of the saving provision. We hold that the Federal regulation contemplated by the exception is one by the Congress or by some administrative functionary to which it is delegated. No such regulation permitting fishing by a set net has been brought to our attention.

With regard to the district court's holding that these Indians were to be protected in a right to fish with "other Indian fishing gear," there is no finding as to what the other Indian fishing gear may be. Undoubtedly it included hook and line, but it well might include a pound net or fish trap or weir, or one or another of the fixed appliances prohibited for the conservation of fish by the Washington statute cited in footnote 2.

Nevertheless the judgment appealed from enjoins the state officers from enforcing a state regulation for the conservation of fish which prohibits one, at least, of such fixed appliances. Clearly, allowing such fishing is not in accord with Tulee v. State of Washington, 62 S.Ct. 862, 86 L. Ed. ——, which was decided after the judgment here appealed from.

Also there may be such state regulations as prohibiting all fishing in the Hoko River for trout, steelhead and salmon, save by hook and line. No such regulation was mentioned in the briefs and argument and this court is in no position to consider in detail exactly what fishing rights the Indians have.

The judgment also enjoins the appellants "from in any manner whatsoever interfering with or preventing the plaintiffs herein, or any of the members of the Makah Indian Tribe, from selling their fish caught and taken at said fishing place." Such an injunction is unwarranted for there is no allegation of the pleadings which mentions a threatened interference with regard to the sale of fish taken by the Makah tribe and the treaty is silent on the right of the Indians to dispose of the fish by sale or barter after they have been taken.

The case seems to have been tried by both parties on the theory that the Indians had either all fishing rights on the Hoko River or only those of non-Indian citizens. It well may be that the Tulee case has decided all that the parties are seeking to determine regarding the Makah treaty provision. However, in reversing it is with permission to the appellees to amend their complaint and present the issue of their right to such claimed allowable methods of fishing, specifically described, and not by such a general term as "other Indian fishing gear," as they may be advised.

Reversed.

---

[4] Jones v. H. D. & J. K. Crosswell, 4 Cir., 60 F.2d 827, 829; Spokane & Inland E. R. Co. v. United States, 241 U. S. 344, 350, 36 S.Ct. 668, 60 L.Ed. 1037; Canadian Pac. Ry. Co. v. United States, 9 Cir., 73 F.2d 831, 834.